MESCHKOW & GRESHAM, P.L.C.
Jordan M. Meschkow, Bar #007454
7250 North Sixteenth Street, Suite 318
Phoenix, Arizona 85020
Telephone: (602) 274-6996
Fax:  (602) 274-6970
Email: mg@patentmg.com, jordan.meschkow@azbar.org

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan M. Meschkow<br><br>                Plaintiff.<br><br>v.<br><br>Office of the U.S. Trustee, United States Department of Justice, Ilene J. Lashinsky, and Richard J. Cuellar | Case No.<br><br>COMPLAINT AND JURY DEMAND |

There is no other civil action between these parties arising out
of the same transaction or occurrence as alleged in this
Complaint pending in this Court, nor has any such action
been previously filed and dismissed or transferred after
having been assigned to a Judge

NOW COMES Plaintiff, Jordan M. Meschkow, by and through his attorneys, Meschkow & Gresham, P.L.C. (hereafter M&G) and for his Complaint against all Defendants, hereby states as follows.

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), and Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §794 (the "Rehabilitation Act"), A.R.S §41-1492.02 (the Prohibition of discrimination by public accommodations and commercial facilities or "POD"), and is a qualified individual with a disability.

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331, which gives district courts original jurisdiction

over civil actions arising under the Constitution, laws or treaties of the United States;

  b. 28 U.S.C. §1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

  c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

 3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

 4. Plaintiff is a citizen of the United States, and resides in the County of Maricopa, State of Arizona, which is in this judicial district.

 5. Defendant Ilene J. Lashinsky is the U.S. Trustee within the U.S. Department of Justice within Maricopa County or all of Arizona. As such, she has a duty to insure that the federally funded program(s) are administered in accordance with federal and state law.

 6. On information and belief, under Defendant Ilene J. Lashinsky's supervision, and perhaps permission, Defendant Richard J. Cuellar to issue a subpoena for the undersigned's medical records. On information and belief, the U.S. Trustee could cross-claim the Bankruptcy Court order permitting the U.S. Trustee to do this, but it is irrelevant, these Defendants acted having reason to know Plaintiff was disabled.

 7. All of the Defendants are public entities for the purposes of the ADA pursuant to 42 U.S.C. §12131(1).

## GENERAL ALLEGATIONS

 8. Title II of the ADA, found at 42 U.S.C. §§12131-12134, extends to state and local governments the non-discrimination provisions of the Act. It requires that their services, programs and activities of state and local governments be administered in the most integrated setting appropriate to the needs of qualified individuals with disabilities.

2

9. Title 42 U.S.C. §12132 states "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

10. Plaintiff is not able to cross-examine Dr. Larry Sobel regarding his medical records as an attorney, or engage counsel to do so, due to breathability issues and pain and suffering, remaining from a compressed trachea. Title 42, Chapter 126, Section 12112 shows the U.S. Trustee is not allowed to access Mr. Meschkow's medical records, it is discriminatory.

11. Plaintiff is 55 year old Man who had an extremely swollen left thyroid causing tracheal compression. The removal of the left thyroid portion did not stop Plaintiff from coughing up profusely daily, causing swelling leaving Plaintiff with breathability issues. Additionally, talking continues tracheal and lower throat irritation, adding to the swelling of the trachea, or the lower thyroid area.

12. On or about June 19, 2012, and again amended June 21, 2012, using alleged permission from Bankruptcy Court Judge Sarah J. Curley, the U.S. Trustee in Arizona subpoenaed for Mr. Meschkow's medical records, in violation of 42 U.S.C. §12132 and 42 U.S.C. § 12112(d). See Exhibits 1.A and 1.B. This was directed and performed by all the Defendants with knowledge Plaintiff was a qualified individual with a disability, and unlawful discrimination.

13. Without having counsel to or being able to cross-examine Dr. Larry Sobel re his medical records, due to breathability issues, Plaintiff will be damaged.

## COUNT I
### (VIOLATION OF TITLE 42 U.S.C. §12132)

14. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

3

15. Defendants have deprived Plaintiff of his federal constitutional and/or statutory rights by failing to provide Plaintiff a right to cross-examine Dr. Larry Sobel re his medical records.

16. Defendants acted under the color of U.S. state law when Defendants deprived Plaintiff of his federal rights, property interests and otherwise discriminated against Plaintiff based upon Plaintiff's disability.

17. As a direct violation of 42 U.S.C. §12132 and its prohibitions in 42 U.S.C. §12112(d), Plaintiff has sustained injury and damages, not to mention interference with patient and doctor.

## COUNT II
## (DISCRIMINATION BASED ON DISABILITY)
### Title II of ADA

18. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

19. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. §12131(2).

20. The ADA and its implementing regulations require that the Alternative Services be made available in the community rather than where doing so will not meet the needs of qualified individuals with disabilities, such as Plaintiff.

21. Plaintiff has been and will denied from benefiting from the discrimination as laid out in Count I, or from being able to cross-examine his Doctor, which shall provide Plaintiff a program that fails to satisfy Plaintiff needs.

22. As a result of the U.S. Trustee's subpoena, the U.S. Trustee violated the ADA by discriminating against Plaintiff in a number of ways, including without limitation, the following:

    a. By reason of Plaintiff's disabilities it subpoenaed for his medical records. Yet, Title II and 29 CFR 1630.14 only permit preemployment inquiries into

the ability of an applicant to perform job-related functions, and/or may ask an applicant to describe or to demonstrate how, with or without reasonable accommodation, the applicant will be able to perform job-related functions or an Employment entrance examination. A covered entity may require a medical examination (and/or inquiry) after making an offer of employment to a job applicant and before the applicant begins his or her employment duties, and may condition an offer of employment on the results of such examination (and/or inquiry), if all entering employees in the same job category are subjected to such an examination (and/or inquiry) regardless of disability.

a. The U.S. Trustee Office is prohibited from subpoenaing the undersigned's medical records as it is discriminatory under the law. Its request also makes for an Undue Hardship as the U.S. Trustee's request causes undue hardship on Mr. Meschkow, if Mr. Meschkow cannot ask cross examine questions on July 30, 2012 or engage counsel to do so.  Mr. Meschkow cannot risk that much talking, due to breathability issues.

## COUNT III
## (DISCRIMINATION BASED ON DISABILITY)
### Title III of ADA

23. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

24. Title III of the ADA, 42 U.S.C. §11281, has 42 U.S.C. 11282 which states "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." By not permitting Plaintiff to cross examine his Doctor, or engage a lawyer to do so, the U.S. Trustee, with

5

permission by Defendant Sarah J. Curley, is discriminating against Plaintiff's full and equal enjoyment of the services in the Office of the United States Trustee in Phoenix, AZ.

25. The ADA and its implementing regulations require that the Alternative Services be made available in the community rather than where doing so will not meet the needs of qualified individuals with disabilities, such as Plaintiff.

26. Plaintiff has been and will denied from benefiting from the discrimination as laid out in Count I, or from being able to cross-examine his Doctor, which shall provide Plaintiff a program that fails to satisfy Plaintiff needs.

27. As a result of the U.S. Trustee's subpoena, the U.S. Trustee violated the ADA by discriminating against Plaintiff.

## COUNT IV

## DISCRIMINATION BASED ON DISABILITY (POD)

28. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

29. At A.R.S. 41-1492.02. it states:

> A. No individual may be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases, leases to others or operates a place of public accommodation.
>
> B. It is discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of that individual or class, directly or through contractual, licensing or other arrangements:
>
> > 1. To a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, advantages, privileges or accommodations of an entity.
> >
> > 2. To the loss of an opportunity to participate in or benefit from goods, services, facilities, privileges, advantages or accommodations that are not equal to those afforded to other individuals.

30. To have the U.S. Trustee examine Mr. Meschkow's medical records or take his Doctor's deposition is discriminatory and violates the POD. That a Bankruptcy Judge allowed this, without knowledge Mr. Meschkow was covered by Title II or Title III makes

the order irrelevant. It could make the Bankruptcy Judge liable, as well. Not permitting Mr. Meschkow to participate in the services of the deposition day is discriminatory, as well and violates the POD.

31. Plaintiff's breathing disabilities is aggravated by talking, so it is prohibited and/or minimized. A deposition would exhaust Plaintiff, and make for breathing issues.

32. Defendants have violated the POD, Title II, and Title III, by discriminating against Plaintiff upon his need to be a participant in and at the deposition. By denying Plaintiff the full and equal enjoyment of the services, facilities, privileges advantages, and accommodation of a public service because of a disability that hits on point to Plaintiff's disability, deprives Plaintiff from participation.

33. Plaintiff's disability was a determining factor in the U.S. Trustee's subpoena at its facility, and precludes Plaintiff from being a participant in the service.

34. As a result of Defendants' conduct in performing unlawful discrimination, Plaintiff has sustained, and will continue to sustain injuries and damages.

## COUNT V
## ABUSE OF PROCESS

35. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

36. Plaintiff claims these Defendants individually and an entity, are liable for an abuse of process.

37. These Defendants individually and an entity willfully used or threatened to use legal process or procedure primarily to accomplish an ulterior purpose for which the process or procedure was not designed; and

38. These Defendants' misuse of the legal process or procedure was a cause of injury, damage, loss or harm to Plaintiff.

# COUNT VI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

40. Plaintiff claims that these Defendants intentionally or recklessly caused him emotional distress.

41. These Defendants in filing certain papers in Bankruptcy Court (at least two wrongfully) and not his co-counsels, and allowing the Court and Defendants' to discriminate against Plaintiff under Title II and Title III, alone, these Defendants" conduct was extreme and outrageous.

42. These Defendants' conduct was either intentional or reckless; and

43. These Defendants' conduct has caused Plaintiff to suffer severe emotional distress. Plaintiff's relationship with his Doctor may never be the same.

44. Plaintiff alleges this conduct was "intentional" to cause emotional distress.

45. Plaintiff alleges this conduct was "reckless" since these Defendants were made aware of and disregards the near certainty that it would result in emotional distress.


WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants providing the following relief:

(a) Compensatory and medical damages in whatever amount in excess of $1,000,000, exclusive of costs and interest, that Plaintiff is found to be entitled;

(b) Punitive/exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(c) An order placing Plaintiff in the position that he would have been in had there been no violation of his rights;

(d) An order enjoining/restraining Defendants from further acts of discrimination or retaliation;

(e) An award of interest, costs, and reasonable attorney's fees;

8

(f) Any and all other remedies provided pursuant to the ADA, the Rehabilitation Act and the POD;

(g) Take other appropriate nondiscriminatory measures to overcome the above described discrimination; and

(h) such other and further relief as the Court deems appropriate.

Respectfully submitted this 26th day of June, 2012

**Meschkow & Gresham, P.L.C.**

By: /s/Jordan M. Meschkow
Jordan M. Meschkow, Bar #007454
**Meschkow & Gresham, P.L.C.**
7250 North Sixteenth Street, Suite 318
Phoenix, Arizona 85020

# EXHIBIT 1.A

**U.S. DEPARTMENT OF JUSTICE**

United States Trustee
District of Arizona

230 North First Avenue, Suite 204   (602) 682-2600
Phoenix, Arizona 85003-1706   fax (602) 514-7270

Sender's Direct Dial: (602) 682-2612
Ric.j.cuellar@usdoj.gov

June 19, 2012

Larry Sobel, M.D.
Sobel Family Medicine
4550 E. Bell Rd., Suite 114
Phoenix, AZ 85032-9342

Re: In re Koelsch, Case No: 2:10-bk-08695-SSC

Dear Dr. Sobel:

Enclosed please find a Subpoena and Subpoena duces tecum, and Order authorizing the issuance thereof, requiring your appearance at a deposition at which time you will be placed under oath and examined concerning your treatment of Jordan M. Meschkow, the opinions expressed in a letter to the Honorable Sarah Sharer Curley and related matters. The subpoena duces tecum requires production of medical records concerning your treatment of Mr. Meschkow.

The Court has scheduled an evidentiary hearing for August 9, 2012 at which time you will testify about your treatment and prognosis of Mr. Meschkow.

I am open to rescheduling but keep in mind I will need to coordinate with several parties and their counsel. I anticipate the deposition will take no longer than 4 hours. Should you have any questions or concerns, please contact me at your earliest convenience.

Sincerely,

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

Richard J. Cuellar
Trial Attorney

RECEIVED JUN 20 2012 MESCHKOW & GRESHAM

Encls.

Copy to: Jordan M. Meschkow
Sean B. Berberian
Alan R. Costello
Daniel P. Collins
Richard E. Chambliss

1  ILENE J. LASHINSKY (#003073)
   United States Trustee
2  District of Arizona

3  RICHARD J. CUELLAR (#WI 01006631)
   230 North First Avenue, Suite 204
4  Phoenix, Arizona 85003-1706
   (602) 682-2600

5  IN THE UNITED STATES BANKRUPTCY COURT
   FOR THE DISTRICT OF ARIZONA

| In re: | ) | Chapter 7 |
|---|---|---|
| ROBERT E. KOELSCH and, | ) | No. 2-10-bk-08695-SSC |
| MARY MILLS KOELSCH, | ) | |
|  | ) | CIVIL SUBPOENA AND SUBPOENA |
|  | ) | DUCES TECUM IN A CASE UNDER THE |
| Debtors. | ) | BANKRUPTCY CODE |

**TO: JERRY SOBEL, M.D.**

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ X ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE Office of the United States Trustee, 230 North First Avenue, Suite 204, Phoenix, Arizona 85003-1706 | DATE AND TIME July 30, 2012 at 9:30 a.m. |
|---|---|

[ X ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**ALL MEDICAL RECORDS, REPORTS, NOTES AND DOCUMENTS, INCLUDING ELECTRONIC FILES AND DATA, WHICH RELATE TO THE TREATMENT OF JORDAN M. MESCHKOW FOR THYROIDITIS, HYPOTHYROIDISM AND DIABETES MELLITUS**

| PLACE Office of the United States Trustee, 230 North First Avenue, Suite 204, Phoenix, Arizona 85003-1706 | DATE AND TIME July 19, 2012 at 9:00 a.m. |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf. and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P

| ISSUING OFFICER SIGNATURE AND TITLE | | DATE |
|---|---|---|
| [signature] Richard Cuellar | Trial Attorney | June 19, 2012 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard J. Cuellar, Esq. Office of the United States Trustee, 230 North First Avenue, Suite 204, Phoenix, Arizona 85003-1706; (602) 682-2612

## CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on June 19, 2012, I served a true copy of the within SUBPOENA AND SUBPOENA DUCES TECUM IN A CASE UNDER THE BANKRUPTCY CODE by **First-Class Mail, Postage Pre-Paid** on the following persons:

Jordan M. Meschkow
Meschkow & Gresham, P.L.C.
7250 N. 16th St., Ste. 318
Phoenix, AZ 85020

Sean B. Berberian
60 E. Rio Salado Pkwy., #900
Tempe, AZ 85281

Alan R. Costello
2999 N. 44th St., Ste. 600
Phoenix, AZ 85018

Larry Sobel, M.D.
Sobel Family Medicine
4550 E. Bell Rd., Suite 114
Phoenix, AZ 85032-9342

Daniel P. Collins
201 N. Central Ave., 22nd Floor
Phoenix, AZ 85004-0608

Richard E. Chambliss
1122 E. Jefferson
P.O. Box 20527
Phoenix, AZ 85036-0527

I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 19, 2012
(Date)

[signature] (Typed Name and Signature) C. Hoover

230 North First Avenue, Suite 204
(Address)

Phoenix, Arizona 85003-1706
(City, State, ZIP Code)

---

Rule 45, Fed.R.Civ.P., Parts © & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

© PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

 (2)(A) A person commanded to produce and permit inspection and

copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (I)    fails to allow reasonable time for compliance;

        (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

    (B)    If a subpoena

        (I)    requires the disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or thin not produced that is sufficient to enable the demanding party to contest t claim.

IT IS HEREBY ADJUDGED and
DECREED this is SO ORDERED.

Dated: June 11, 2012

*Sarah S. Curley*

Sarah S. Curley, Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 7 |
| ROBERT E. KOELSCH and, <br> MARY MILLS KOELSCH, | No. 2-10-bk-08695-SSC |
| Debtor. | ORDER REQUIRING LARRY SOBEL, M.D. TO APPEAR FOR EXAMINATION AND PRODUCE DOCUMENTS |

The United States Trustee having filed a Motion for Order Requiring Dr. Larry Sobel to produce documents and appear for examination pursuant to Rules 2004, 7027 and 9014(c), F.R.B.P. and good cause appearing,

It is now, therefore:

ORDERED:

1. The United States Trustee is authorized to issue a subpoena and subpoena duces tecum to Larry Sobel, M.D. in accordance with all appropriate statutes and rules.

2. Larry Sobel, M.D., pursuant to the subpoena duces tecum, shall produce copies or originals of all medical records maintained by Dr. Sobel concerning his care and treatment of Mr. Meschkow relative to the maladies referenced in the doctor's letter, i.e., thyroiditis, hypothyroidism and diabetes mellitus.

3. Larry Sobel, M.D., pursuant to the subpoena, shall appear for examination under oath.

BY THE COURT,

Signed and dated above.

# EXHIBIT 1.B

1  ILENE J. LASHINSKY (#003073)
   United States Trustee
2  District of Arizona

3  RICHARD J. CUELLAR (#WI 01006631)
   230 North First Avenue, Suite 204
4  Phoenix, Arizona 85003-1706
   (602) 682-2600

**RECEIVED JUN 22 2012 MESCHKOW & GRESHAM**

5  IN THE UNITED STATES BANKRUPTCY COURT
   FOR THE DISTRICT OF ARIZONA

6

7  In re:                              )   Chapter 7
                                       )
8  ROBERT E. KOELSCH and,              )   No. 2-10-bk-08695-SSC
   MARY MILLS KOELSCH,                 )
                                       )   AMENDED CIVIL SUBPOENA AND
9                                      )   SUBPOENA DUCES TECUM IN A CASE
        Debtors.                       )   UNDER THE BANKRUPTCY CODE

10

11 **TO: LARRY SOBEL, M.D.**

12 [ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

15 [ X ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE Office of the United States Trustee, 230 North First Avenue, Suite 204, Phoenix, Arizona 85003-1706 | DATE AND TIME July 30, 2012 at 9:30 a.m. |
|---|---|

18 [ X ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**ALL MEDICAL RECORDS, REPORTS, NOTES AND DOCUMENTS, INCLUDING ELECTRONIC FILES AND DATA, WHICH RELATE TO THE TREATMENT OF JORDAN M. MESCHKOW FOR THYROIDITIS, HYPOTHYROIDISM AND DIABETES MELLITUS**

| PLACE Office of the United States Trustee, 230 North First Avenue, Suite 204, Phoenix, Arizona 85003-1706 | DATE AND TIME July 19, 2012 at 9:00 a.m. |
|---|---|

24 [ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Any subpoenaed organization not a party to this case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P

| ISSUING OFFICER SIGNATURE AND TITLE  *[signature]*  Trial Attorney | DATE  June 21, 2012 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard J. Cuellar, Esq. Office of the United States Trustee, 230 North First Avenue, Suite 204, Phoenix, Arizona 85003-1706; (602) 682-2612

## CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on June 21, 2012, I served a true copy of the within SUBPOENA AND SUBPOENA DUCES TECUM IN A CASE UNDER THE BANKRUPTCY CODE by **First-Class Mail, Postage Pre-Paid** on the following persons:

Jordan M. Meschkow
Meschkow & Gresham, P.L.C.
7250 N. 16th St., Ste. 318
Phoenix, AZ 85020

Alan R. Costello
2999 N. 44th St., Ste. 600
Phoenix, AZ 85018

Daniel P. Collins
201 N. Central Ave., 22nd Floor
Phoenix, AZ 85004-0608

Richard E. Chambliss
1122 E. Jefferson
P.O. Box 20527
Phoenix, AZ 85036-0527

Sean B. Berberian
60 E. Rio Salado Pkwy., #900
Tempe, AZ 85281

Larry Sobel, M.D.
Sobel Family Medicine
4550 E. Bell Rd., Suite 114
Phoenix, AZ 85032-9342

Brenda Lawrence
Sobel Family Medicine
4550 E. Bell Rd., Suite 114
Phoenix, AZ 85032-9342

I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 21, 2012
(Date)

*[signature]*
(Typed Name and Signature) C. Hoover

230 North First Avenue, Suite 204
(Address)

Phoenix, Arizona 85003-1706
(City, State, ZIP Code)

Rule 45, Fed.R.Civ.P., Parts © & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

©  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropria[te] sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and

copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (I)    fails to allow reasonable time for compliance;

        (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

    (B)    If a subpoena

        (I)    requires the disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or thin not produced that is sufficient to enable the demanding party to contest t claim.